F. C. NIBLOCK v. BLUE BIRD TAXI COMPANY, A CORPORATION.

(Filed 20 November, 1935.)

1. Trial D a—

On motion for judgment as of nonsuit, the evidence must be considered in the light most favorable to plaintiff.

2. Automobiles C c—Nonsuit held properly refused on evidence showing defendant's excessive speed on through street and plaintiff's due care before attempting to cross through street intersection.

Plaintiff's evidence tended to show that he came practically to a stop at the stop sign before attempting to cross the intersection of a through street, that he attempted to cross the intersection when he saw that the street was clear except for a car a block away, and that such car, owned by defendant and driven at a rate of seventy miles an hour, struck plaintiff's car as his car reached the far side of the intersection, the rear wheels lacking but four feet of clearing the intersection.  *Held:* Defendant's motion for judgment as of nonsuit on the evidence was properly refused.

DEVIN, J., took no part in the consideration or decision of this case.

24—208

APPEAL by defendant from *Oglesby, J.,* and a jury, at January Term, 1935, of CABARRUS. No error.

This is an action for actionable negligence, brought by plaintiff against defendant, alleging damage.

The complaint of plaintiff alleges, in part: "That on or about 7 September, 1934, at about 4:30 or 5 o'clock p.m., the plaintiff was driving west on Templeton Street in the city of Charlotte, N. C., accompanied by his wife, and driving plaintiff's own automobile, and was at a point on said street where Templeton Street crosses Euclid Avenue, which said crossing the plaintiff approached in a slow and very cautious manner, and after observing that the crossing was clear, the plaintiff attempted to cross Euclid Avenue, there being no other car within a city block of said crossing, and as the plaintiff was just about across said Euclid Avenue the defendant taxi company, through one of its drivers, agents, employees, or chauffeurs, driving a taxicab at a very high and dangerous and unlawful rate of speed, to wit, from 60 to 80 miles per hour, through one of the residential sections of the city of Charlotte, wilfully, recklessly, wantonly, and unlawfully drove said taxi into and against the plaintiff's automobile, striking said automobile on the right rear side, and completely overturned the plaintiff's automobile and knocked same completely around in the said street, which said impact hurled the plaintiff and his wife violently against the side of said automobile and against the street, causing the personal injury and property damage hereinafter alleged."

The defendant denied the material allegations of the complaint and set up the plea of contributory negligence.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff injured, and was his automobile damaged by the negligence of the defendant, as alleged in the complaint? Answer: 'Yes.'

"2. Did the plaintiff, by his own negligence, contribute to his injury and property damage, as alleged in the answer? Answer: 'No.'

"3. What amount, if anything, is the plaintiff entitled to recover of the defendant for personal injuries and for medical services and expenses? Answer: '$300.00.'

"4. What amount, if anything, is the plaintiff entitled to recover of the defendant for damages to his automobile? Answer: '$175.00.'

"5. Was the defendant's automobile damaged by the negligence of the plaintiff, as alleged in the answer? Answer: ..............

"6. What amount, if anything, is the defendant entitled to recover of the plaintiff as damages to his automobile? Answer: .............."

The court below rendered judgment on the verdict. Defendant excepted, assigned error, and appealed to the Supreme Court.

*B. W. Blackwelder and H. S. Williams for plaintiff.*
*John Newitt for defendant.*

CLARKSON, J.  At the close of plaintiff's evidence and at the close of all the evidence, the defendant made motions in the court below for judgment as in case of nonsuit.  C. S., 567.  The court below overruled these motions, and in this we can see no error.  The only exceptions and assignments of error made by defendant were to the refusal of the court below to grant the motions of nonsuit.  The evidence on motions for nonsuit is taken in the light most favorable to plaintiff.  The plaintiff's evidence fully sustained the allegations of the complaint.

Plaintiff testified, in part, that Euclid Avenue in the city of Charlotte was 40 feet wide.  Templeton Avenue, about 30 feet wide.  He was driving west on Templeton Avenue, and when he came to Euclid Avenue he was driving at a slow rate of speed.  There was a stop sign and he practically came to a stop.  His wife, who was in the car, testified that he "stopped at the stop sign."  Plaintiff hesitated to see if the way was clear.  There was no obstruction either way.  There was only one car in sight on Euclid Avenue which was headed south, and that car was practically a block away, and the one that struck plaintiff's car.  At the time of the impact plaintiff had practically cleared Euclid Avenue, and the rear of plaintiff's car was about 4 feet from the west curb of Euclid Avenue.  Defendant's car which struck plaintiff was coming about 75 miles an hour, travelling 5 or 6 times as fast as plaintiff's car.  The evidence was not only sufficient to be submitted to the jury, but defendant, in running 75 miles an hour in the city, contrary to all the rules of the road, from plaintiff's evidence, may be guilty of criminal negligence.

In the judgment of the court below there is
No error.

DEVIN, J., took no part in the consideration or decision of this case.